### LIBRARY BUREAU v. FRED MACEY CO., Limited.*

(Circuit Court of Appeals, First Circuit.   October 9, 1906.)

#### No. 614.

PATENTS—VALIDITY AND INFRINGEMENT—CARD RECORDS.

The Williams patent, No. 623,857, for improvements in card records, is void for lack of invention, in view of the prior art, as are also claims 3 and 4 of patent No. 624,597 to the same inventor; but claims 1 and 2 of the latter patent, which cover a group of laterally reversible twin tab cards, disclose patentable novelty and invention. Also *held* infringed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 134 Fed. 886.

Odin Roberts (Roberts & Mitchell on the brief), for appellant.

Fred L. Chappell, for appellee.

Before PUTNAM and LOWELL, Circuit Judges, and BROWN, District Judge.

*Rehearing denied January 3, 1907.

BROWN, District Judge. The two patents to Stephen T. Williams, for improvements in card records, No. 623,857, dated April 25, 1899, and No. 624,597, dated May 9, 1899, relate particularly to the reversal of index record cards.

In the prior patent to J. M. Gunn, No. 583,227, dated May 25, 1897, are shown groups of cards serially indexed by index tabs projecting above the upper edges of the cards. Viewing the group of cards from the front, the first index tab is at the extreme left, the index tab of the second card is at the right of the tab on the first card, the index tab on the third card at the right of the index tab on the second card, and so on throughout the series. Were it desired to use the back of one of the Gunn cards, and to reverse it back for front, such card, when reversed and placed in the group, if turned bottom up, would display no index tab, and if turned sideways would show the index tab out of its proper position in the series, and turned with its back to the observer.

Williams, in patent No. 623,857, makes provision for reversing the card by turning it bottom side up. He provides an additional tab, or a "twin tab," as it is called, on the bottom edge, this tab being marked on the opposite side with an index number. The card being turned upside down, the top tab disappears entirely from sight, and its place is taken by the bottom tab. The series of tabs is thus preserved. In order to indicate the fact that the card has been reversed, Williams provides for a color distinction between the bottom and top tabs. Looking at the entire series, it is possible to tell at once which of the cards have been reversed, and the fact of a reversal may be utilized to convey information as to the length of the record, etc.

In patent No. 624,597, provision is made for reversal side for side, and back for face. An additional tab is provided, so that the card shows always two projecting tabs. The original tab does not disappear from sight, as it would if the card were turned upside down, but still remains visible.

Williams provides each card in the group with two tabs; the first card having a tab on each end of the upper edge, and the last, or tenth card of the group, having two tabs placed centrally side by side, while the intermediate cards each have twin tabs which are equidistant from the edges. Viewed from the front, we see this difference from Gunn: That, whereas Gunn has a single series of tabs running from left to right, Williams has two series of tabs starting at the outside edges and meeting in the center at the back.

No anticipation of this arrangement is shown. This is not a mere duplication of the Gunn series, and such a group of cards is capable of performing functions which could not be performed by the Gunn arrangement with a mere duplication of its tabs. The provision of a double series meeting at the center of the back card of the group prevents the interference of one series of tabs with the other series. Were the tabs of the Gunn series so disposed as not to pass the center of the group, it might be possible to reverse the cards laterally by the provision of an additional tab for each card so placed that, upon reversal, each additional tab would occupy the position of the original

tab; but such an arrangement is not suggested by the Gunn patent

Nor does the Langstroth patent, No. 475,043, dated May 17, 1892 suggest the use of a double series of index tabs meeting in the center It is true that Langstroth uses the following language:

"If cut away at any other point than the center, it will be manifest that the card must be cut equidistant from the center upon each side, to allow the card to be reversed in the box and both sides used."

While Langstroth discloses the idea of reversing a card, if such an idea needed disclosure, and the further idea that spaces, and perhaps projections, upon a card must be so. arranged as to preserve the same relative position when the card is reversed, yet there. is more than this in the Williams double series. The idea that, by the use of a double series of tabs, one series on each side of the center, the cards can be reversed without disturbance of the serial order of the tabs, is a decided advance upon anything disclosed by Langstroth, who was not dealing at all with series of index tabs.

We are of the opinion that patent No. 624,597 discloses a patentable novelty in the group of laterally reversible twin tab cards therein described. It is apparent, however, that our reasons for upholding this patent are not applicable to patent No. 623,857, and that we cannot regard Williams as the inventor of a "twin tab system" broad enough to comprehend the devices of both of these patents. Save for the fact that Williams provides for showing by color difference that a card has been turned upside down, his patent discloses merely a duplication upon the bottom edge of the Gunn series of cards, of what is shown by Gunn upon the top edge. When the front face of the card is filled, the original tab on that card is turned down out of sight, and performs no further function, so far as is disclosed by patent No. 623,857.

While it is suggested by the patentee that, in his patent No. 624,597, the space for indexing is limited to one-half the length of that edge of the card on which the index is placed, and therefore such card must be of considerable length to admit of double indexing, and that, in the present patent, No. 623,857, he can use cards shorter than any that would be practical with cards having twin tabs of the kind shown in his other patent, yet the prior art, against which we must view this patent, is not that of Williams' other patent, but as disclosed in the Gunn patent; and this distinction of using a shorter card is not applicable to avoid anticipation by Gunn. We think there is no more invention in making the bottom of the card similar to the top, and reversing it, than there would be in putting a new card in its place.

We agree with the contention of the defendant's counsel that this is a mere duplication, a repetition of the Gunn series on the bottom or sides, and introduces nothing novel or patentable. We do not lose sight of the fact that the color differentiation is used to indicate the fact of reversal. Color indications for various purposes are shown in the Gunn patent, and we do not think that this simple device of a reversal signal entitles Williams to cover by this patent the elaborate system of signals which can be produced by the use of

various colored tabs brought into successive positions by the turning of the card.

Claim 5 was intended to cover the construction of corner tabs of greater projection than the intermediate tabs in order to protect the intermediate tabs. This claim must be regarded simply as for a mechanical device for protecting the index tabs, by providing legs to carry the weight of the cards, or projections as a guard against abrasion or injury. A similar result is attained by the use of wooden strips to elevate the tabs. This is shown in Fig. 4 of patent No. 623,857. While it is doubtless useful, in a reversible card, to have the card itself carry the means for protecting the tabs, and while such a construction of the cards enables them to be slipped into an ordinary box without further provision for protecting them, we agree with the conclusion of the learned Circuit Judge that this does not amount to a patentable invention.

We therefore agree with the conclusion of the Circuit Court that patent No. 623,857 is void for want of invention. This brings us to the question whether the defendant infringes patent No. 624,597, which covers the group with the double index on the cards.

It is claimed by the complainant that its card ledger embodies both patents. Its cards as manufactured contain twin tabs, both upon the top and on the bottom. The defendant's cards are similar in structure. The first difference to be noted is that the defendant's card is reversed by turning it bottom up; the printing for the second page of the record on that card being upside down until the card is reversed. Upon reversal from top to bottom, the defendant's card, it is said, uses the twin tab arrangement of patent No. 623,857. This we have found to be a mere duplication of the Gunn system, and therefore open to the defendant to use.

The defendant, however, has upon both the top and the bottom edges of the card a second or additional tab, so that, whether the defendant's card is in its normal position or bottom side up or reversed end for end, it shows two tabs, and a group of the cards presents the same symmetrical arrangement of tabs as is shown in patent No. 624,597.

It is the contention of the defendant that in its device there is one set of tabs to produce consecutive indexing, and another set of tabs for signal purposes and for nothing else. In other words, the defendant contends that it does not use the two tabs on the top of the card for the purpose of substituting the index number in lateral reversal, but that it uses the additional tab to put into the series a tab of different color, and to indicate by this color, and not by an index numeral, a special fact.

The patentee says, however:

"It is obvious that the twin tab system of indexing is not confined to a decimal enumeration of the indices, but that the indexing may be by the days of the week, or the months, or by the letters of the alphabet—in fact, by any index character that may be suitable, according to the nature of the record which is to be kept."

While it was doubtless contemplated that, upon the lateral reversal of a card having twin index tabs on its upper edge, the second index tab should bring a numeral of different color in place of the original tab, we think it apparent that the inventor contemplated the use of any character for the substituted tab that might be suitable. His novel mechanical arrangement permits of the preservation of the numerical order upon one series of tabs, and also of the giving of a signal by color change in the other series of tabs. The utility of these twin index tabs for lateral reversal, and the value of a double series of tabs on the same edge, are demonstrated by practical use.

We do not think the patent can be evaded upon the ground that the defendant uses the backs of the tabs in a somewhat different way from that of the complainant. The defendant's cards are in structure substantially the same as complainant's. While the defendant is doubtless at liberty to use twin tabs on opposite edges for the purposes of reversal, we do not think the defendant is entitled to use twin tabs upon the same edge in such manner as to secure the advantage of the double series of tabs of the complainant. We are of the opinion that claims 1 and 2 of patent No. 624,597 are valid and are infringed by the defendant. As we are of the opinion that the patentable novelty is only in the group of laterally reversible twin tab cards, claims 3 and 4 for a single reversible index card must be held invalid as not disclosing a patentable invention.

The judgment of the Circuit Court is reversed as to claims 1 and 2 of patent No. 624,597, and is affirmed as to claims 3 and 4 of said patent and as to patent No. 623,857; and the case is remanded to that court for further proceedings not inconsistent with this opinion; and neither party recovers costs in this court.